IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *IN RE* APPLICATION OF ESTHER KIOBEL,<br>    *Applicant,*<br><br>For an Order Granting Leave to Issue Subpoenas to Cravath, Swaine & Moore LLP for Production of Documents Pursuant to 28 U.S.C. § 1782 | Civil Action No. _____.<br><br>**Request for Production of Documents** |

 PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1782, Applicant hereby requests that Cravath, Swaine & Moore LLP ("Cravath") respond to this Request for Production of Documents and produce and permit Applicant to inspect and copy all responsive documents within 30 days.  Cravath is advised that the rules of discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure are applicable to requests made pursuant to 28 U.S.C. § 1782, and of their obligations under Rule 26(e) to supplement responses. All documents shall be produced at the offices of EarthRights International, 1612 K Street NW, Suite 401, Washington, D.C., 20006, and shall be produced as they were maintained in the ordinary course of business.

## DEFINITIONS

 Please note that all words herein have their meaning in ordinary English usage.  If there is any difficulty in understanding the scope or meaning of any word, please feel free to contact Applicant's attorneys for an explanation.

 Unless a contrary meaning appears in the text, the following definitions apply:

 **And** includes the word **or** and vice-versa.

 **Any** includes the word **all** and vice-versa.

 **Communication(s)** as used herein shall refer to any oral, written, in person, or any other

1

form of relay, transmission, or transference of information by any means whatsoever including but not limited to by way of mail, computer, telephone, cellular or mobile phone, voice mail, electronic mail, radio, video, sound recordings, television, telefax, telex, social media, or any other medium.

**Confidential Material** as used herein shall be used to describe all documents and other materials (including deposition transcripts) that the parties in the *Kiobel* and the *Wiwa* cases designated as Confidential during production in those actions.

**Cravath** shall refer to law firm Cravath, Swaine & Moore LLP —headquartered in New York, NY—as well as any attorneys from the firm that served as counsel to Shell in the *Kiobel* and *Wiwa* cases at any point during their litigation and/or represented Shell in subsequent proceedings.

**Document** as used herein is a broadly inclusive term, referring to any and all written or other graphic matter, however produced, generated, or reproduced, of every kind and description, and to anything upon which sounds, pictures or electronic images are recorded, transferred, imprinted or depicted by photography, video, typewriting, handwriting, sound recording, or otherwise.  Such terms refer to originals, copies where originals are unavailable, copies of originals which differ in any manner from the originals, and all drafts prepared in connection with such matter, including but not limited to the following:  contracts, agreements, memoranda of understanding, charts, graphs, inventories, accounts, lists, transcripts, abstracts, tape recordings, video recordings, sound reproductions, summaries, files, pleadings, depositions, answers to requests for admissions, answers to interrogatories, file jackets, file covers, records, books, papers, correspondence, notes, electronic mail messages, agreements, statements, photographs, motion pictures, objects, microfilm, telegrams, telegraphs, telexes, telefaxes, facsimiles, copies, letters, memoranda, notations, interrogatory responses, scratch paper, minutes of directors or committee meetings, minutes of interviews, minutes of in-person or telephonic conversations or communications, interoffice communications, shareholder reports, press releases, reports, studies,

audits, reviews, assessments, statistics, stenographic notebooks, calendars, appointment books, diaries, time sheets, logs, computer disks, computer programs, databases, computer printouts, data processing cards, data processing tapes, or papers similar to any of the foregoing however denominated by the responding party, regardless of whether it was prepared in whole or in part by Cravath or Shell.

**Defendants** shall refer to **Shell** (*see* corresponding definition below) in addition to Brian Anderson, a named defendant in one of the *Wiwa* cases (No. 01 Civ. 1909) who served as the head of Shell's Nigerian operations.

**Deposition transcripts** shall refer to written or printed versions of sworn out-of-court testimonies delivered by any witnesses, including digitized versions.

**Including** shall mean "including but not limited to."

*Kiobel* shall refer to the action *Kiobel v. Royal Dutch Petroleum Co.*, 456 F. Supp. 2d 457 (S.D.N.Y. 2006), which was first filed and litigated in this court under the case number 02 Civ. 7618.

**Non-Confidential Material** shall be used to describe all documents and other materials (including deposition transcripts) that were not designated as "Confidential" by the parties in during *Kiobel* and the *Wiwa* cases during production in those actions.

**Possession, Custody or Control** shall include those documents in the possession, custody or control of Cravath and its former and current employees.

**Shell** shall refer to Royal Dutch Shell, its predecessor Shell Transport & Trading Company Ltd., its successor Shell Petroleum N.V., and its Nigerian subsidiary Shell Petroleum Development Company of Nigeria.

The *Wiwa* **cases** shall refer to three lawsuits that were filed in this court and litigated until their conclusion by settlement in 2009: *Wiwa v. Royal Dutch Petroleum Co.*, No. 96 Civ. 8386; *Wiwa v. Brian Anderson*, No. 01 Civ. 1909; and *Wiwa v. Shell Petroleum Development Corp. of Nigeria*, No. 04 Civ.

2665.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce the following documents, in your—Cravath's—possession, custody or control:

1. All deposition transcripts from *Kiobel* and the *Wiwa* cases, including Confidential Material and Non-Confidential Material.

2. All discovery documents and communications produced to the plaintiffs by Shell and other defendants in *Kiobel* and the *Wiwa* cases, including Confidential Material and Non-Confidential Material.

3. To the extent that the documents produced pursuant to Requests No. 1 and Request No. 2 do not plainly indicate whether they are Confidential Material, sufficient documentation to determine whether such documents are Confidential Material.

RESPECTFULLY SUBMITTED this 12th day of October 2016.

s/ BENJAMIN HOFFMAN, ESQ.
_____
Benjamin Hoffman, Esq.

**Columbia Law School Human Rights Clinic**
435 West 116th Street
New York, NY 10027
Tel: 212-854-3954
bhoffman@law.columbia.edu

Marco Simons
Richard Herz
Upasana Khatri
**EarthRights International**
1612 K Street NW #401
Washington, DC 20006
Tel: 202-466-5188
marco@earthrights.org

*Attorneys for Applicant*