IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *IN RE* APPLICATION OF ESTHER KIOBEL,<br>    *Applicant,*<br><br>For an Order Granting Leave to Issue Subpoena to Cravath, Swaine & Moore LLP for Production of Documents Pursuant to 28 U.S.C. § 1782 | Civil Action No. _____.<br><br>**[Proposed] Order Granting Leave to Issue Subpoena for Taking of Discovery Pursuant to 28 U.S.C. § 1782** |

Applicant Esther Kiobel moved this Court for an Order granting leave to issue subpoenas for the taking of discovery on Respondent Cravath, Swaine & Moore LLP ("Cravath"), pursuant to 28 U.S.C. § 1782.

The Court hereby GRANTS Applicant leave to serve Respondent Cravath with the discovery subpoena annexed as Exhibit A. The Court finds that the requirements of § 1782 are met. First, Respondent Cravath resides or may be found in the Southern District of New York. Second, the discovery sought is for use in a contemplated proceeding before a foreign tribunal that will be filed imminently. Third, as a party in said proceeding, Applicant Esther Kiobel is an "interested person" within the meaning of 28 U.S.C. § 1782.

Additionally, the Court finds that the discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004), weigh in favor of granting the petition. Those factors are: "(1) whether the person from whom discovery is sought is a party in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other

1

policies of a foreign country or the United States"; and (4) whether the request is unduly intrusive or burdensome."

Here, the *Intel* factors favor granting this Application: (1) Cravath is not a named or contemplated party in the Dutch proceeding; (2) the Dutch courts resolving the proceeding will be receptive to evidence obtained through Section 1782 discovery; (3) this Application does not conceal an attempt to circumvent foreign proof-gathering restrictions but is a good-faith effort to obtain highly probative and relevant information; and (4) the discovery sought is not unduly intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255-56 (2004).

Accordingly, it is HEREBY ORDERED that the Application of Leave is GRANTED.

It is FURTHER ORDERED that Applicants will have leave to serve Cravath with the discovery request annexed to the Application in support of the § 1782 petition as Exhibit A.

**IT IS SO ORDERED.**

DATED: _____

_____
**UNITED STATES DISTRICT JUDGE**