**EARTHRIGHTS INTERNATIONAL**

January 18, 2017

Re: *In re Petition of Esther Kiobel*, Civ. A. No. 16-cv-07992-AKH

Dear Judge Hellerstein:

     The parties in the above-captioned action write jointly on behalf of Petitioner Esther Kiobel ("Petitioner") and Respondent Cravath, Swaine & Moore LLP ("Cravath") regarding entry of a proposed order granting Petitioner's request for leave to serve a subpoena on Cravath to obtain discovery of certain documents sought for use by Petitioner in potential litigation in the Netherlands against one of Cravath's clients.

     By letter dated January 13, 2017, the parties submitted to the Court a proposed stipulated protective order for entry by the Court. (*See* Dkt. No. 17.) Upon entry of the protective order, the parties respectfully request that the Court enter an order regarding Petitioner's petition for leave to serve a subpoena on Cravath.[1] While the parties have met and conferred and agree on almost all terms of the proposed order, they have not been able to agree on whether the order should specify a date by which Cravath must comply with Petitioner's yet-to-be-served subpoena. Petitioner believes the Court's order granting its petition should direct Cravath to comply with Petitioner's to-be-served subpoena no later than February 13, 2017. (Petitioner's Proposed Order attached as Exhibit A.) Cravath believes no such provision is appropriate. (Cravath's Proposed Order attached as Exhibit B.)

     The parties have met and conferred telephonically on three occasions concerning this dispute. On January 4, 2017, Marco Simons, for Petitioner, and Lauren Moskowitz, for Cravath, conferred for over an hour. On January 11, 2017, Mr. Simons and Ms. Moskowitz conferred further for 45 minutes, and on January 13, 2017, conferred for an additional 30 minutes.

     Pursuant to this Court's Individual Rule 2(E), the parties submit this joint letter setting forth the parties' respective positions regarding the proposed order.

**PETITIONER'S POSITION**

     Petitioner is pleased that the parties have been able to agree on the substance of a Confidentiality Order to govern the use of the discovery at issue. The parties are not in agreement on the proposed order granting the Petition and the timing of production.

---

[1] By submitting this letter and proposing the Court issue an order granting Petitioner leave to issue a subpoena, Cravath does not waive and expressly reserves all of its rights to appeal the order of this Court granting the petition for leave to issue a subpoena.

**Southeast Asia Office**
PO Box 123
Chiang Mai University
Chiang Mai 50202 Thailand
+66-81-531-1256
infoasia@earthrights.org

**Amazon Office**
Casilla Postal 45
Barranco, Lima 4, Peru
+51-1-447- 9076
infoperu@earthrights.org

**US Office**
1612 K Street, NW, Suite 401
Washington, DC  20006
Tel: +1 (202) 466-5188
Fax: +1 (202) 466-5189
infousa@earthrights.org

www.earthrights.org

*First*, Petitioner submits that the Court should actually order production of the discovery. Although Cravath continues to reserve its right to appeal, there is no outstanding dispute over the scope of the discovery to be propounded and produced. An order that merely allowed a subpoena to issue would leave the door open to further objections to production, however, and thus would not "constitute[] the final resolution of a petition to take discovery in aid of a foreign proceeding under 28 U.S.C. § 1782."[2] As such, it would not be an appealable order. Because Cravath has suggested that it may appeal from the Court's grant of the Petition, and there are no outstanding disputes regarding the scope, there is no reason to risk further delay by waiting for further motion practice before this Petition is finally resolved.

*Second*, as to the timing of production, Petitioner's position is that discovery should proceed within 30 days of the parties' agreement as to the Confidentiality Order, which was submitted on January 13. Thus, Petitioner proposed February 13 as the date of production – 31 days after the Confidentiality Order was agreed. As noted, Petitioner's Dutch counsel are finalizing the writ of summons in order to file the lawsuit in the Netherlands, and had hoped to file by the end of 2016. *See* Dkt. 10-2, Reply Decl. of Channa Samkalden, ¶¶ 2, 6. Thus, Petitioner is eager to move forward with this discovery. To the extent that Cravath believes that discovery should be stayed pending a possible appeal, Petitioner believes that Cravath should make a motion to that effect, as soon as possible. It will be Cravath's burden to show entitlement to such a stay.[3] Such stays are not often granted in section 1782 proceedings, especially where the petitioner has a need for timely production of documents.[4]

Cravath has been on notice since the December 20 hearing that the petition would be granted and it would need to produce the documents requested. Because there has been no suggestion that producing the discovery will pose technical burdens, Petitioner's position is that Cravath should be able to do so within 30 days of submission of the proposed Confidentiality Order. (This is longer, of course, than the fourteen days that courts generally find to be "presumptively reasonable" for subpoena compliance.[5]) To the extent unanticipated burdens arise, Petitioner would be happy to meet and confer with Cravath to discuss reasonable extensions.

---

[2] *Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d Cir. 2011).

[3] *See, e.g.*, *McCue v. City of New York (In re World Trade Ctr. Disaster Site Litig.)*, 503 F.3d 167, 170 (2d Cir. 2007) ("The four factors to be considered in issuing a stay pending appeal are well known: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; 1Link to the text of the note (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

[4] *See, e.g.*, *In re Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1117-18 (E.D. Wisc. 2004); *In re Bracha Found.*, No. 2:15-mc-748, 2015 U.S. Dist. LEXIS 150863 (N.D. Ala. Nov. 6, 2015); *see also In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 310 (S.D.N.Y. 2010) (in order issued one day before compliance was due, denying a stay pending appeal, but extending time for compliance by 10 days on condition that the respondent file a motion for a stay with the Court of Appeals the following day).

[5] *Brown v. Hendler*, No. 09 Civ. 4486, 2011 U.S. Dist. LEXIS 9476, at *5 (S.D.N.Y. Jan. 31, 2011); *see also In re Rule 45 Subpoena Issued to Cablevision Systems Corp. Regarding IP Address 69.120.35.31*, No. MISC 08-347, 2010 U.S. Dist. LEXIS 40653, at *18 (E.D.N.Y. Feb. 5, 2010) (collecting cases).

Petitioner recognizes that Cravath has a right to appeal, and that ordinarily the time to file a Notice of Appeal runs for 30 days from the appealable order. Nonetheless, this does not necessarily mean that no compliance may be required within that period. For example, in the *Chevron* proceedings, Judge Kaplan granted a section 1782 petition on May 6, 2010, that had been filed on April 9. Chevron issued a subpoena with a return date of May 21 – 15 days after the order and only six weeks after the petition had been filed. Prior to May 21, the respondent moved for a stay pending appeal. On May 20, Judge Kaplan denied the stay – but allowed the time for compliance to be extended to May 31, provided that the respondent file a motion for a stay with the Second Circuit "before 10 a.m. on May 21."[6] Judge Kaplan's *extended* period was still only 25 days after his order, less time than Petitioner proposes here.

In another case in the Northern District of Georgia, the court had also ordered production 31 days after its order issued – similar to the schedule proposed by Petitioner.[7] Prior to the compliance date, the respondent sought an emergency stay pending appeal – which was denied. Other courts have ordered production on section 1782 applications in shorter time periods.[8]

As in these cases, if Cravath believes a stay is warranted, it is its burden to seek such a stay with sufficient time to adjudicate it prior to the compliance date. Cravath has not identified any difficulty in actually producing the documents; its Opposition to the Petition only addressed alleged burdensomeness in the context of confidentiality and privileges. *See* Dkt. No. 7 at 22-26. Thus Cravath should be prepared to produce the documents expeditiously.

No caselaw supports the notion that Cravath is entitled to 30 days in which nothing happens in order to consider its appeal rights, especially when the Cravath has been on notice for four weeks that discovery would be ordered. Cravath is free to seek such a stay, but until it does so this proceeding should move forward.

**CRAVATH'S POSITION**

Cravath respectfully proposes that the Court's order granting Petitioner's petition grant no more relief than Petitioner requested in its Petition: leave to serve a subpoena on Cravath for discovery pursuant to 28 U.S.C. § 1782, consistent in scope with Petitioner's representations made in both its written submissions and at the Court's oral argument held on December 20, 2016. Requiring Cravath at this time to comply with Petitioner's not-yet-served subpoena by February 13, 2017 would be premature and inappropriate.[9]

---

[6] *In re Application of Chevron Corp.*, 709 F. Supp. 2d at 310. While the Second Circuit ultimately granted a stay pending appeal – an appeal that the respondent lost – there was no suggestion that the District Court needed to extend the time for compliance to allow the full 30 days to file a notice of appeal. *See Chevron Corp.*, 629 F.3d at 300.
[7] *In re ROZ Trading Ltd.*, 1:06-cv-02305, 2007 U.S. Dist. LEXIS 2112, *2-3 (N.D. Ga. Jan. 11, 2007).
[8] *See, e.g.*, In re Application of Bracha Found. Request for Discovery Pursuant to 28 U.S.C. §1782, 2015 U.S. Dist. LEXIS 141643, *19-21, 2015 WL 6123204 (N.D. Ala. Oct. 19, 2015) (ordering production "within 21 days of service of the revised subpoena").
[9] As a threshold matter, it is unreasonable to ask this Court to set a date certain for Cravath to comply with a subpoena that has not yet been served. Petitioner has not yet revised the proposed

Cravath is currently weighing its options with respect to whether to appeal an eventual order formally granting the Petition. The Federal Rules of Appellate Procedure allow Cravath 30 days from such a final order to appeal the Court's decision. Fed. R. App. P. 4(a)(1)(A). Contrary to Petitioner's assertion above, an order granting leave to serve a subpoena pursuant to 28 U.S.C. § 1782 is immediately appealable. In *Chevron Corp. v. Berlinger*, cited by Petitioner, the Second Circuit held that it had jurisdiction to hear an appeal of an order pursuant to Section 1782 granting leave to serve a subpoena, treating the district court's order to be a final adjudication, immediately appealable under 28 U.S.C. § 1291, even though the district court's order did not require production by any date. 629 F.3d 297, 306 (2d Cir. 2011) (affirming order in *In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 299 (S.D.N.Y. 2010), granting "petitioners' applications pursuant to 28 U.S.C. § 1782 to subpoena the [requested discovery]").

Cravath is entitled to those 30 days to make an informed decision about next steps. If Cravath decides to file a notice of appeal, it likely will move this Court, and if necessary, the Second Circuit, for a stay pending appeal. Contrary to Petitioner's assertion, motions to stay discovery pending appeal of grants of petitions pursuant to 28 U.S.C. § 1782 are routinely granted by the Second Circuit. *See, e.g.*, *In re Accent Delight*, No. 16-3655, Dkt. Nos. 37, 65 (2d Cir. 2016) (granting appellants' motion to stay Section 1782 discovery pending appeal); *In re Application of Chevron*, No. 10-1918, Dkt. Nos. 50, 187 (2d Cir. 2010) (same). Indeed, in two of the three cases Petitioner cites, although the district court denied the motion for a stay pending appeal, the Court of Appeals subsequently granted a stay pending appeal. *In re Bracha Found.*, No. 15-14913, Nov. 9, 2015 Order (granting stay pending merits appeal); *In re Application of Chevron*, No. 10-1918, Dkt. Nos. 50, 187 (2d Cir. 2010) (same). The third case Petitioner cites, *In re Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1117-18 (E. D. Wis. 2004), is distinguishable. There, the district court declined to grant a stay where it found that the petitioner would likely suffer "irreparable harm" if a stay were granted because it needed to use the requested discovery for "fast approaching deadlines" in pending foreign proceedings. Likewise, Petitioner's reliance on *In re ROZ Trading Ltd.*, No. 1:06-cv-02305, 2007 U.S. Dist. LEXIS 2112 (N.D. Ga. Jan. 11, 2007), is also misplaced. There, the district court found that the petitioner would "face substantial potential injury" if a stay were granted because there was a risk that the pending arbitration for which the petitioner sought the requested discovery would reach a decision in the interim. *Id.* at *10. Here, no such risk exists. No foreign proceedings are underway, as Petitioner has not yet filed its Dutch summons. Petitioner likewise makes no claim that any applicable statute of limitations in the Netherlands is set to expire. There simply is no risk of irreparable harm to Petitioner here.

Cravath has made clear to Petitioner that it is considering whether to appeal the Court's ruling. Petitioner acknowledges that under the rules, Cravath will have 30 days from entry of the Court's order to file a notice of appeal. Cravath sought agreement from Petitioner to a stay of production pending appeal, should Cravath appeal. Petitioner refused to agree. Cravath further offered to expedite briefing on any motion to stay discovery as well as on the appeal itself in the Second Circuit. Petitioner still has refused to agree, insisting instead that a proposed order to the Court require Cravath to produce the to-be-subpoenaed documents by February 13, 2017, less than

---

subpoena originally attached to its petition, which Petitioner has represented in its briefing and at oral argument would be narrowed in several ways before service. Cravath does not expect there to be any additional issues raised by the subpoena beyond what already has been addressed in the petition itself, but Cravath reserves its rights to object at the appropriate time to the scope of any subpoena served by Petitioner if it deviates from what Petitioner has represented it will be.

30 days from today.  Petitioner's insistence on requiring Cravath to respond to Petitioner's unissued subpoena by February 13, 2017 forces Cravath to face a Hobson's choice:  make its appeal determination and move for a stay in less than 30 days or risk exposing itself to contempt of Court by not making a production in order to take the full 30 days to decide how to proceed with respect to an appeal.[10]

While Cravath's position is that the Court should not require it to comply with Petitioner's anticipated subpoena by a date certain *before* it is even served, Cravath proposed to Petitioner as a compromise that Petitioner put a return date of 45 days from service in the subpoena in order to avoid truncating Cravath's time for assessing a potential appeal and to avoid burdening the Court with unnecessary and inefficient filings concerning an unreasonably early return date.  Petitioner refused, but the only reasons Petitioner offers for limiting Cravath's time to potentially notice an appeal is that Petitioner is "eager to move forward" and "had hoped to file [its Dutch lawsuit] by the end of 2016".  Neither has any merit.  Petitioner waited more than three years after the dismissal of the U.S. litigation to which the requested documents relate and more than 20 years after the underlying alleged events to even raise the possibility of initiating this action.  Any urgency Petitioner now claims is of its own making and should not outweigh or curtail Cravath's right to assess a potential appeal of an order to produce documents in its custody that belong to one of its clients, particularly where, as here, there is no risk that the subject documents will be lost or destroyed.  Cravath remains willing to expedite briefing of a motion to stay production pending appeal in the event that Cravath files a notice of appeal.

Accordingly, Cravath respectfully requests that the Court issue an order granting Petitioner's petition in the form set forth in Exhibit B.  Should the Court find it appropriate to direct Cravath to comply with Petitioner's subpoena by a date certain, Cravath respectfully requests that the Court order compliance no less than 45 days after service of Petitioner's subpoena.

**CONCLUSION**

Based on their respective positions, the parties respectfully request that the Court enter either Petitioner's proposed order (Exhibit A) or Cravath's proposed order (Exhibit B).

Respectfully submitted,

*Marco Simons*
Marco Simons
**EarthRights International**
1612 K Street NW, Suite 401
Washington, D.C. 20006
Tel: 202 466 5188
marco@earthrights.org
*Counsel for Petitioner Esther Kiobel*

---

[10] Any presumption of reasonableness asserted by Petitioner for 14-day return dates simply does not apply in these circumstances.